**Commonwealth v. Skiba**

*Clarence D. Neish,* for Commonwealth.
*John A. Havey,* for defendant.

KLEIN, J., April 3, 1974.—We have before us defendant's application for suppression of evidence.

The Pennsylvania Rules of Criminal Procedure provide, as to search warrants, the following, inter alia:

"Rule 2003. Requirements for Issuance

"(a) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

"(b) At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (a)."

Pennsylvania Rule of Criminal Procedure 2005 sets forth that every application for a search warrant and the search warrant shall be in substantially the forms delineated in said rule. We hold that the herein affidavit for search warrant and search warrant are substantially in such forms. However, appended to said rule by the Supreme Court are the following special instructions:

"1. If information was obtained from another person, e.g., an informant, a private citizen, or fellow officer, state specifically what information was received, *and how* and when such information was obtained. State also the factual basis for believing such other person to be reliable . . .

"5. State reasons for believing that the items are located at the premises specified above."

"Rule 2008. Copy of Warrant; Receipt for Seized Property

"(a) A law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person from whom or from whose premises the property was taken a copy of the warrant *and affidavit(s)* in support thereof, and a receipt for the property seized. A copy of the warrant and affidavit(s) must be left whether or not any property is seized." (Italics supplied.)

Rule 2003 was adopted on March 28, 1973, and became effective on May 27, 1973. Rules 2005 and 2008 were adopted on October 17, 1973, and became effective on December 16, 1973. The instant application was made and the instant warrant was issued and executed on January 14, 1974.

It is conceded by the Commonwealth that the officer executing the warrant failed to leave a copy of the affidavit, although he did leave a copy of the warrant.

It is also obvious that the affidavit contains no information as to *how* the informants received their information. And nothing is said which we may infer are reasons for believing that the items sought were located at the premises specified in the application for the warrant.

In failing to state how the informants obtained their information, there are no facts to indicate the underlying circumstances that led informants to conclude that defendant had made the sale indicated and had the quantity of marihuana in his possession. And no underlying circumstances are cited to allow the magistrate to conclude that the contraband was where the officer

claimed it was. There is not one word either about possession of sale at defendant's residence, the place to be searched: Commonwealth v. Hughes, 219 Pa. Superior Ct. 181 (1971). The affidavit avers that the alleged buyer from defendant was searched that day and had only two ounces of marihuana in his possession. That fact, *standing alone,* tends to disprove, rather than support, the claim that defendant had sold him 25 pounds of marihuana that day.

We recognize, and fully agree, that in making our appraisal, the affidavit must be read in a common sense, rather than in a technical manner. However, we have no authority to fill in the gaps. Pennsylvania Rule of Criminal Procedure 2003 clearly states that the issuing authority may not consider any evidence outside the affidavits; and also provides that no evidence shall be admissible to establish probable cause in a suppression hearing before the court other than the affidavits. Comment (a) appended to said rule sets forth:

"This Rule does not preclude oral testimony before the issuing authority, but it requires that such testimony be reduced to an affidavit prior to issuance of a warrant."

For these reasons, we make the following

## ORDER

And now, April 3, 1974, it is ordered, adjudged and decreed that defendant's application to suppress evidence be, and it is hereby, granted.